Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
5510 So. Fort Apache Rd, Suite 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
Fax: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT SIELAW,<br><br>             Plaintiff,<br><br>vs.<br><br>THE RETAIL EQUATION,<br><br>             Defendant. | Case No.: 2:19-cv-00931-KJD-CWH<br><br>**[PROPOSED] STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

### SUBMITTED IN COMPLIANCE WITH LR 26-1(b)

Plaintiff, Robert Sielaw ("Plaintiff") and Defendant, The Retail Equation ("Retail Equation") (collectively, the "Parties"), by and through their counsel of record, hereby submit their stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 16

[Proposed] Stipulated Discovery Plan and Scheduling Order - 1

and 26, as well as LR II 16-1 and 26-1. It is hereby requested that the Court enter the following discovery plan and scheduling order:

1.  **Discovery Plan:**

| | |
|---|---|
| Discovery Cut-Off | **1/27/2020** (180 days from the date Retail Equation, filed its Answer, 7/29/2019) |
| Deadline to Amend Pleadings | **10/29/2019** (90 days prior to the close of discovery) |
| Deadline to Disclose Initial Expert Disclosures | **11/28/2019** (60 days prior to the close of discovery) |
| Deadline to Disclose Rebuttal Expert Disclosures | **12/30/2019** (30 days after the Initial Disclosure of Experts) |
| Deadline to File Dispositive Motions | **2/26/2020** (30 days after the close of discovery) |

2.  **Interim Status Report:** The parties shall file the interim status report required by LR 26-3 no later than **11/28/2019** or sixty (60) days prior to the close of discovery.

3.  **Pre-Trial Order:** The parties shall file a joint pretrial order no later than **3/27/2020** or thirty (30) days after the date set for filing dispositive motions. In the event that parties file dispositive motions, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or further order of the Court. The disclosure required by Federal Rule of Civil Procedure 26(a)(3) and objections thereto shall be made in the pre-trial order.

4.  **Initial Disclosures:** The parties will serve their initial disclosures on or before **9/3/2019.** Any party seeking damages shall comply with Federal Rules of Civil Procedure 26(a)(1)(A)(iii).

5. **Extension of Discovery Deadline**: Requests to extend the discovery shall comply fully with LR 26-4. Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.

The motion or stipulation shall include:

    a.    A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

    b.    A specific description of the discovery which remains to be completed;

    c.    The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

    d.    A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the parties informally postponed discovery. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court.

6. **Electronically Stored Information ("ESI"):**

The Parties stipulate and agree that all discoverable documents will be produced on CD-ROM in Portable Document Format ("PDF") with optical text recognition (electronically searchable text) as reasonably practicable. The Parties further agreed that the "parent-child relationships" between documents will be preserved when documents are produced (*e.g.*, e-mails and their attachments will be produced together with consecutive bates numbers) as reasonably practicable.

While the Parties agree at this time that it is not necessary to produce the metadata for electronic documents, the Parties reserve their respective rights to request such information should

[Proposed] Stipulated Discovery Plan and Scheduling Order - 3

any Party deem it necessary.  This agreement determines only the format in which the Parties produce documents; it does not affect any other right of any Party.

      7.      **LR II 26-1(b) CERTIFICATIONS**:  The parties certify that they considered consenting to trial by a magistrate judge and use of the Short Trial Program.  The parties further certify that they met and conferred about the possibility of using alternative dispute resolution processes including, mediation, arbitration, and early neutral evaluation.

      8.      **Electronic Service.**  The Parties agree to accept electronic service of discovery requests and responses pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).  To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday.  For electronic service to be effective as to Plaintiff, in addition to electronic service to all counsel of record, electronic service shall also be sent to Lucille Chiusano at lucille.chiusano@knepperclark.com, unless otherwise amended in writing by Plaintiff.  The parties discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations and agreed that should discovery be provided in an electronic format at trial, it will be compatible with the court's electronic jury evidence display system pursuant to LR II 26-1(b)(9).

      9.      **Protective Orders**.  Any party may seek to enter into a stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c) prior to producing any confidential documents in its possession.  A proposed stipulated protective order has been circulated by Plaintiff, has been agreed to by the parties, and will be filed shortly after filing of this proposed discovery plan.

//

//

//

[Proposed] Stipulated Discovery Plan and Scheduling Order - 4

**IT IS SO STIPULATED.**
Dated August 19, 2019

| **KNEPPER & CLARK LLC** | **LEWIS ROCA ROTHGERBER CHRISTIE LLP** |
|---|---|
| /s/ *Miles N. Clark* | /s/ *Matthew R. Tsai* |
| Matthew I. Knepper, Esq. | J. Christopher Jorgensen, Esq. |
| Nevada Bar No. 12796 | Nevada Bar No. 5382 |
| Miles N. Clark, Esq. | Matthew R. Tsai, Esq. |
| Nevada Bar No. 13848 | Nevada Bar No. 14290 |
| 5510 So. Fort Apache Rd, Suite 30 | 3993 Howard Hughes Pkwy., Suite 600 |
| Las Vegas, NV 89148 | Las Vegas, NV 89169 |
| Email: matthew.knepper@knepperclark.com | Email: cjorgensen@lrrc.com |
| Email: miles.clark@knepperclark.com | Email: mtsai@lrrc.com |
| | |
| **HAINES & KRIEGER LLC** | *Counsel for Defendant* |
| David H. Krieger, Esq. | *The Retail Equation* |
| Nevada Bar No. 9086 | |
| 8985 S. Eastern Avenue, Suite 350 | |
| Las Vegas, NV 89123 | |
| Email: dkrieger@hainesandkrieger.com | |
| | |
| *Counsel for Plaintiff* | |

*Sielaw v. The Retail Equation*
Case No. 2:19-cv-00931-KJD-CWH

### SCHEDULING ORDER

The above-set stipulated Discovery Plan of the parties shall be the Scheduling Order for this action pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16-1.

IT IS SO ORDERED

_____
United States Magistrate Judge

Dated: _____